UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
CLIFTON BENJAMIN,                                             :
                                                              :
                                  Plaintiff,  :
                                                              :    MEMORANDUM & ORDER
              -against-                              :
                                                              :    20-cv-56 (ENV) (LB)
TOWN OF ISLIP, TERI A. GIACALONE, JOHN   :
R. DICIOCCIO, and JOHN/JANE DOES, currently :
unknown but subject to discovery,                             :
                                                              x
                                Defendants.
----------------------------------------------------------------

VITALIANO, D.J.

       Plaintiff Clifton Benjamin brought this action, pursuant to 42 U.S.C. § 1983, against the Town of Islip (the "town") and several of its employees, alleging defendants violated his Constitutional rights and various state laws in connection with their processing of an adoption of a Belgian Malinois dog Benjamin claims he owned. *See* Am. Compl., Dkt. 15. Presently before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Lois Bloom recommending that defendants' Rule 12(b)(6) motion to dismiss Benjamin's complaint be granted. *See* R&R, Dkt. 28.

       Benjamin filed timely written objections to certain of Judge Bloom's findings on October 23, 2021, *see* Pl. Obj., Dkt. 31, to which defendants responded on December 3, 2021, *see* Dkt. 33. After careful consideration, and for the reasons stated below, plaintiff's objections are overruled and the R&R is adopted in its entirety as the opinion of the Court.

### Background[1]

       Benjamin, an African American man, is a professional dog trainer who asserts that he

---

[1] Familiarity of the parties with the facts as alleged in the complaint, which are assumed to be true for purposes of this motion, and the procedural history of the case is presumed.

1

owned a purebred Belgian Malinois dog named Eto. Am. Compl. ¶ 10, 14–15. On or about September 18, 2018, Eto escaped Benjamin's control. *Id.* ¶ 23. Though no comfort to plaintiff, his dog was recovered the same day and placed in the town's animal shelter (the "shelter"). *Id.* ¶¶ 24–25. The following day, Benjamin went to the shelter to claim Eto and, despite providing what he claims was proof of ownership, was told by shelter staff that he could not take Eto home without additional documentation. *Id.* ¶ 26–31. Over the following weeks, he again visited the shelter and sent a series of emails seeking to recover Eto. *Id.* ¶ 32–46. Eventually, plaintiff learned, Eto had been adopted by a non-party, white law enforcement officer. *Id.* ¶ 45. The adoption allegedly occurred at the direction of the town attorney, defendant John DiCioccio. *Id.*

Aggrieved by defendants' handling of the Eto affair, Benjamin filed a now-amended complaint asserting seven causes of action, four of which invoke federal law,[2] alleging that defendants' behavior is evidence of a discriminatory scheme to deprive him of Eto on account of his race.

## Discussion

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted).

---

[2] As for plaintiff's federal claims, the second and third causes of action allege violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment, respectively; claim four alleges municipal liability against the town for these alleged constitutional violations; and claim seven, as Judge Bloom correctly found, solely invokes 21 U.S.C. § 1983, and is, therefore, duplicative of his other federal claims. *See Kohutka v. Town of Hempstead*, 994 F. Supp. 2d 305, 316–17 (E.D.N.Y. 2014).

2

A motion to dismiss may be referred to a magistrate judge for report and recommendation. Upon receiving the R&R from the magistrate judge, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any objection, the district court need only be satisfied that there is no clear error on the face of the record. *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Should a party timely object to any portion of the proposed findings and recommendations, the district court must conduct a *de novo* review of those portions properly objected to. Fed. R. Civ. P. 72(b)(2)–(3). Importantly, "objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018); *Barratt v. Joie*, 2002 WL 335014, *1 (S.D.N.Y. Mar. 4, 2002).

Applying this framework, the only finding in the R&R to which Benjamin "specific[ally] and clearly" objects is Judge Bloom's dismissal of his equal protection claim (count two). As such, the Court reviews that portion of the R&R *de novo*.[3]

In advancing this objection, Benjamin first takes aim at Judge Bloom's finding that he failed to sufficiently state an equal protection claim under a "class-of-one" theory. *See* R&R at 14–15. As recognized by the Supreme Court, a class-of-one claim can be brought by an

---

[3] Because Benjamin did not properly object to Judge Bloom's recommended dismissal of his due process claim (count three), his municipal liability claim against the town (count four), his improper § 1983 claim (count seven), or his state law claims (counts one, five, and six), clear error review applies to those findings. As for the due process claim, although, as a result of a stenographic error in Judge Bloom's order, Benjamin was granted additional time to file objections to her recommendation that this claim be dismissed, *see* 10/29/2021 Dkt. Order, Benjamin failed to submit any supplemental objections in response. Moreover, the single sentence in Benjamin's objections that challenges the dismissal of his municipal liability claim and his state law claims, *see* Pl. Obj. at 3, is wholly conclusory and, therefore, insufficient to preserve these findings for *de novo* review.

3

individual plaintiff alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" without alleging membership in a class or group. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plausibly pleading a class-of-one claim is not, however, an easy task: to succeed, "a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59–60 (2d Cir. 2010) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)).

As Judge Bloom correctly found, Benjamin's equal protection claim cannot stand on a "class-of-one" footing. In arguing that defendants' conduct constitutes intentional discrimination, Benjamin alleges two classes of comparators from which, he claims, his treatment differed: (1) other people who visited the shelter to redeem their lost dogs; and (2) the white law enforcement officer who adopted Eto. *See* Am. Compl. ¶¶ 53, 74. As for the former, though the amended complaint gives Benjamin's account of the allegedly disdainful manner in which he was treated when attempting to retrieve Eto, it offers no plausible explanation of how his treatment differed from other similarly situated shelter visitors. At best, plaintiff offers the conclusory allegation that the other persons who came into the Shelter to claim their dogs were not subject to the same "escalating requirements of providing proof" of ownership. *Id.* ¶ 74. Absent corroborating details showing plaintiff's shelter experiences had characteristics in common with the shelter experiences of these individuals, however, such allegations are plainly insufficient. *See Contiguous Towing, Inc. v. State*, 202 F. Supp. 3d 269, 276–77 (E.D.N.Y.

4

2016) ("[A] plaintiff[] proceeding on a class of one theory cannot simply state in conclusory fashion that it was similar to a comparator[].").

Nor can Benjamin's class-of-one claim proceed on the separate theory that the white law enforcement officer who allegedly adopted Eto constitutes a similarly situated comparator. In his objections, Benjamin cites to *McDowell v. North Shore-Long Island Jewish Health System, Inc.*, 839 F. Supp. 2d 562 (E.D.N.Y. 2012) for the proposition that, at the pleadings stage, a class-of-one plaintiff need only allege that he was punished more severely than members outside of his racial class who were similarly situated in all material respects. *See* Pl. Obj. at 4. However, *McDowell* involved a claim of employment discrimination under 42 U.S.C. § 1981, which is governed by a lower standard than that applicable to Fourteenth Amendment equal protection claims. *See Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006); *Alfaro v. Labrador*, 2009 WL 2525128 (E.D.N.Y. Aug. 14, 2009). Furthermore, even if *McDowell* were applicable here, it would not salvage plaintiff's class-of-one claim on this basis. Although Benjamin alleges that he "was never considered a viable candidate to adopt Eto" but "a white law enforcement official" was, *see* Am. Compl. ¶ 53, he, again, failed to plead any "shared . . . characteristics" between the two individuals. *See McDowell*, 839 F. Supp. 2d at 569.

Benjamin's failure to identify similarly situated comparators under either of these classes is likewise fatal to the selective enforcement branch of his equal protection claim. A plaintiff alleging selective enforcement must show that they were treated differently from similarly situated individuals and that such selective treatment was based on impermissible considerations, such as race. *Martine's Service Center, Inc. v. Town of Wallkill*, 554 F. App'x 32, 35 (2d Cir. 2014). Unlike a class-of-one theory, a selective enforcement claim requires only a "reasonably close resemblance" between the plaintiff's and the comparators' circumstances. *Hu v. City of New York*, 927 F.3d 81, 93 (2d Cir. 2019). Yet, although more relaxed, this standard still

5

requires a plaintiff to actually present a class of comparators. *Norton v. Town of Brookhaven*, 33 F.Supp.3d 215, 239–40 (E.D.N.Y. 2014). Because, as explained above, Benjamin has failed to do so, his equal protection claim cannot proceed on the basis of selective enforcement.

Lastly, as Judge Bloom properly observed, *see* R&R at 17–21, an equal protection claim cannot be adequately stated without the plausible pleading of defendants' intentional discrimination. A plaintiff alleging an equal protection violation based on an intentional discrimination theory may do so in one of three ways: (1) challenging a law or policy that expressly classifies persons on the basis of race, (2) identifying a facially neutral law or policy that has been applied in an intentionally discriminatory manner, or (3) by alleging that a facially neutral statute or policy has an adverse effect on a protected class and that it was motivated by discriminatory animus. *Glover v. City of New York*, 2018 WL 4906253 at *11 (E.D.N.Y. Oct. 9, 2018).

In this case, because Benjamin has alleged neither an expressly discriminatory policy nor an adverse effect on a protected class of persons—beyond his individual claim of discrimination—the only remaining theory on which his equal protection claim may be based is the application of an otherwise facially neutral law or policy in an intentionally discriminatory manner. Plaintiffs proceeding under a discriminatory application theory do not need to present any evidence of comparators. *Glover*, 2018 WL 4906253 at *16. However, such plaintiffs do "bear the burden of making out a *prima facie* case of discriminatory purpose," *i.e.*, of showing intent to discriminate on the basis of race. *Pyke v. Cuomo*, 567 F.3d 74, 77 (2d Cir. 2009) (quotations omitted); *Hayden v. Patterson*, 594 F.3d 150, 163 (2d Cir. 2010). Thus, for a discriminatory application theory to survive a Rule 12(b)(6) motion, the pleadings must contain specific and substantive factual allegations that give rise to "an inference of racial animus;" alleging facts that are merely consistent with discrimination is insufficient. *Burgis v. New York*

6

*City Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015) (citing *Iqbal*, 556 U.S. at 664).

Given this controlling precedent, the absence of allegations plausibly suggesting that defendants' actions were motivated by racial animus is fatal to Benjamin's intentional discrimination claim. That the shelter felt Benjamin's proof of ownership of Eto was insufficient and later permitted a Caucasian police officer to adopt what the shelter found to be an unredeemed dog is not, standing alone, evidence of racial animus. "[I]t is hornbook law that the mere fact that something bad happens to a member of a particular racial group does not, without more, establish that it happened *because* the person is a member of that racial group." *Williams v. Calderoni*, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1, 2012) (emphasis in original) (citing *Reyes v. Erickson*, 238 F. Supp. 2d 632, 638-39 (S.D.N.Y. 2003)). Benjamin offers no specifics about the "normal" procedure by which persons may retrieve lost pets, the adoption process to which Eto's new owner was subjected, or any statements, by shelter employees or otherwise, that suggest discriminatory intent. Likewise, viewed, as it must be, in the light most favorable to plaintiff, no facts in the amended complaint suggest the shelter's rejection of Benjamin's claim of ownership was at all related to its decision to allow an individual of a different race to adopt Eto, other than plaintiff's belief that such a connection exists. Without "a fact-specific allegation of a causal link" between defendants' conduct and Benjamin's race, *see id.*, it is equally likely he was deprived of Eto for a valid, non-discriminatory reason. As such, Benjamin has failed to plead a claim of intentional discrimination and, as a result, his equal protection claim cannot survive defendants' Rule 12(b)(6) motion.

Accordingly, upon *de novo* review, Benjamin's objections to Judge Bloom's finding that plaintiff failed to plead sufficient facts giving rise to an inference of discrimination and her conclusion that his equal protection claim (count 2) be dismissed under Rule 12(b)(6) are overruled. Those findings and recommendations are adopted by the Court in their entirety. As

noted, Benjamin did not properly object to the remainder of Judge Bloom's findings and recommendations concerning his due process claim (count three), municipal liability claim (count four), § 1983 claim (count seven), and state law claims (counts one, five, and six) and, as such, clear error review applies. Having carefully reviewed the remainder of the R&R in accordance with this standard, and having found it to be correct, well-reasoned, and free of any clear error, its findings and conclusions are adopted.

## Conclusion

In line with the foregoing, the R&R is adopted, in its entirety, as the opinion of the Court. Defendants' Rule 12(b)(6) motion to dismiss is granted. Plaintiff's federal claims (counts two, three, four, and seven) are dismissed with prejudice.[4] The Court declines to exercise supplemental jurisdiction, under 28 U.S.C. § 1367, over plaintiff's remaining state law claims, which are dismissed without prejudice and with leave to refile in a state court of appropriate jurisdiction.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
       March 25, 2022

                                                      /s/ Eric N. Vitaliano
                                                      ERIC N. VITALIANO
                                                      United States District Judge

---

[4] Defendants also moved for dismissal of the amended complaint under Rule 12(b)(1). Judge Bloom recommended that this motion be denied, and no party has objected to that recommendation. On clear error review, that recommendation is also adopted.

8